**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **J.S., *an individual,*** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-700** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **INTOWN PROPERTIES I, LLC, *et al.*,** | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Proposed Intervenor Erie Insurance Exchange's Motion to Intervene (ECF No. 37). For the reasons set forth below, Erie's Motion is **DENIED**.

## I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. Plaintiff J.S., proceeding anonymously, sues various Defendants who own or operate hotels and motels. (Compl., ECF No. 26 ¶ 8). She alleges that she was the victim of sex trafficking at these hotels and motels in Dayton, Ohio, from 2017 to 2022. (*Id.* ¶¶ 8, 76). According to J.S., one of the Defendants, Liberty Motel Inc., owned a motel located in Dayton. (*Id.* ¶¶ 32–33). J.S. alleges she was trafficked at this location over the summer of 2017. (*Id.* ¶¶ 121–22). She seeks to hold Defendants liable for financially benefiting from sex trafficking ventures that they knew, or should have known, were occurring at their hotels. (*Id.* ¶ 128).

Erie Insurance Exchange provided a commercial insurance policy to Liberty Motel. (ECF No. 37 Ex. A ¶¶ 9–10). Liberty Motel requested coverage from Erie for J.S.'s claims. (*See* ECF No. 37 at 2). Now, Erie moves to intervene, seeking a declaratory judgment regarding its obligations, if any, to defend or indemnify Liberty Motel in relation to J.S.'s claims against them.

Erie also seeks the right to participate in all aspects of the lawsuit. (*Id.*). Erie argues that it has a right to intervene in these cases so that it can protect its interests and so it is not precluded from litigating certain facts in future litigation. (*Id.* at 5–6). Alternatively, it argues that it should be granted permissive intervention as a matter of discretion. (*Id.* at 10). J.S. opposes Erie's motion. (ECF No. 38 at 1). For the following reasons, Erie's motion is **DENIED.**

## II. STANDARD OF REVIEW

A party may intervene as a matter of right. Rule 24(a) mandates that courts "must permit anyone to intervene who": (1) makes a "timely" motion; (2) "claims an interest relating to the property or transaction that is the subject of the action;" (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) has interests that cannot be "adequately represent[ed]" by "existing parties." Fed. R. Civ. P. 24(a)(2); *see Grainger v. Ottawa Cnty.*, 90 F.4th 507, 513 (6th Cir. 2024) (citing *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2006) (characterizing the requirements of Rule 24(a)(2) as a four-factor test)).

A party may also request permissive intervention. Under Rule 24(b), courts "may permit anyone to intervene who" makes a "timely" motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts also consider undue delay and prejudice to the original parties, *id.* 24(b)(3), as well as any other relevant factors when evaluating permissive intervention. *Bell v. Kasich*, 2017 WL 3172778, at *5 (S.D.

Ohio July 25, 2017). Other relevant factors can include the Rule 24(a)(2) intervention-as-of-right factors. *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018).

## III. LAW & ANALYSIS

The right to intervene is construed broadly in favor of the movant, and if all four factors of Rule 24(a)(2) are established, "this generally favorable construction transforms into a mandatory allowance of intervention." *Estate of Lewis v. City of Columbus*, 158 F.4th 814, 822 (6th Cir. 2025). Erie Insurance Company argues that its motion must be granted because the motion is timely, its interests are substantial, it could be precluded from relitigating issues if its motion is denied, it faces ongoing legal expenses, and the present parties do not adequately represent its interests. (ECF No. 37 at 3–9). Erie also argues that even if its motion fails as of right, it should be granted permissive intervention because its sought declaratory judgment arises out of common issues of fact and law. (*Id.* at 9–10). J.S. counters that Erie's argument for intervention as of right fails because a contingent interest based on an insurance contract is not the substantial legal interest required, and Erie's argument for permissive intervention has been repeatedly rejected by this Court. (ECF No. 38 at 3–5).

This Court finds that Erie's intervention would be inappropriate in this case. First, Erie does not establish all four factors to intervene as of right. J.S. concedes that Erie's motion to intervene is timely (*id.* at 3), and this Court will accept that as uncontested. *Cf. A.M.G. v. Red Roof Inns, Inc.*, 2025 WL 625771, at *2 (S.D. Ohio Feb. 26, 2025) (Marbley, J.) (finding motion timely where lawsuit was in its early stages, especially given the parties' minimal discussion of the factor). However, the remaining three factors have not been satisfied. *See In re Hotel TVPRA Litig.*, 2026 WL 799293, at *4 (S.D. Ohio Mar. 23, 2026) (Marbley, J.). Erie has no substantial legal interest because its only interest is contingent; that is, Erie's interest depends not only on whether Erie has

obligations under any applicable insurance policy, but also on whether Liberty Motel is found liable in this lawsuit. *Id.* at *3–4 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (Marbley, J.) (potential insurance issues are irrelevant to TVPRA claims)). Moreover, Erie's ability to protect its interests would not be impaired absent intervention, because it could still pursue a separate action if need be. *Id.* at *3.[1] And Erie has not shown why its contingent interests would not be adequately represented, especially given that Liberty Motel has the same interest in avoiding liability to J.S., and any insurance coverage dispute is tangential to the issue of TVPRA liability. *Id.* at *3–4. Thus, even if Erie's motion is timely, it has not established its right to intervene.

Finally, consistent with its practice in these cases, this Court will not grant Erie permissive intervention. Erie has failed to articulate common questions of law or fact connecting its insurance contract dispute with TVPRA claims. Moreover, intervention would introduce different legal issues, risk delay, and prejudice the parties. *Id.* at *4–5; *cf. Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989).

## IV. CONCLUSION

Erie Insurance Exchange's interests have been preserved by virtue of its request to intervene. Erie's Motion to Intervene (ECF No. 37) is **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Erie Insurance Exchange in this action, and amend the docket to reflect that Erie was an intervenor, not a defendant.

---

[1] Insurers seeking to intervene often argue that they could be collaterally estopped from later arguing that the relevant insurance policies did not cover the conduct at issue in the underlying suit if they fail to intervene. But, under Ohio law, "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 2007-Ohio-607 ¶ 31 (Ohio 2007). Thus, Erie is incorrect that its "ability to protect its interests will be impaired absent intervention." (ECF No. 37 at 8). Moving to intervene is sufficient to ensure that it has preserved its legal interests.

Counsel for Erie is **REMINDED** that in future filings before this Court, they must ensure that their papers have "each page numbered consecutively." S.D. Ohio Civ. R. 5.1(a).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 31, 2026**