**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**J.S.,**

**Plaintiff,**

**v.**

**Case No. 2:25-cv-700**
**District Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**InTown Properties I, LLC, et al.,**

**Defendants.**

**ORDER**

Before the Court is Plaintiff's Motion to Sever and Dismiss (Doc. 126). In it, Plaintiff asks the Court to sever and dismiss her claims against Defendant Mayuri Hospitality, LLC with prejudice. (*Id.*). This Defendant does not oppose the Motion. (*Id.*).

The Sixth Circuit has suggested that "dismissal of a party, rather than of an entire action, is . . . proper pursuant to Rule 21." *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265–66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d 633, 636 (6th Cir. 2008)); *see also Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012) (finding that Rule 21 is a proper procedural vehicle to dismiss individual claims or parties). Rule 21 states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

For good cause shown, the Court **GRANTS** the Motion (Doc. 126). Plaintiff's claims against Defendant Mayuri Hospitality, LLC are **SEVERED** and **DISMISSED with prejudice**. The Court retains jurisdiction over these parties' settlement agreement.

IT IS SO ORDERED.

Date: November 9, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE